141 F.3d 1174
 98 Cal. Daily Op. Serv. 7158, Pens. Plan Guide
(CCH) P 23946O
Harry CLANCY, Plaintiff-Appellant,
v.
BAY AREA BANK, Bay Area Bancshares, and Frank M. Bartaldo,
Jr., Trustee and Plan Administrator of the Capital
Accumulation and Profit Sharing Plan for
Employees of Bay Area Bank,
Defendants-Appellees.
 No. 97-15830.
D.C. NO. CV-96-4376-FMS.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 12, 1998.
Decided March 31, 1998.
 
 1
 Appeal from the United States District Court for the Northern District of California Fern M. Smith, District Judge, Presiding.
 
 
 2
 Before SKOPIL and KOZINSKI, Circuit Judges, and WEINER,[2] Senior District Judge.
 
 MEMORANDUM[1]
 
 3
 Harry Clancy appeals from a sua sponte order of dismissal of his ERISA claims for lack of standing. The district court had jurisdiction pursuant to 29 U.S.C. § 1132(a)(1), (2) and (3). This court has jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 4
 Clancy brought two actions, one in state court and one in federal court. The federal court action, from which this appeal arises, alleged violations of ERISA arising from his discharge from employment in retaliation for his efforts to enroll in the employer's 401(k) plan. He also alleged breach of ERISA fiduciary duties arising from the employer's failure to enroll him and other employees in the 401(k) plan. Shortly before filing the federal action, Clancy filed an action in California Superior Court claiming fraud and wrongful discharge in violation of public policy. This action was removed by defendants on the grounds of ERISA preemption. Clancy then moved for remand. The district court granted the motion, ruling under Freeman v. Jacques Orthopaedic and Joint Implant Surgery Medical Group, 721 F.2d 654 (9th Cir.1983), that an employee fraudulently excluded from an ERISA plan is not a "participant" in the plan, and thus has no standing to bring an ERISA claim. Because Clancy was not an ERISA participant, the district court went on to dismiss the federal action sua sponte.
 
 
 5
 The law of standing under ERISA is well settled. A civil action under ERISA may be brought by a "participant" in or "beneficiary" of an ERISA plan. 29 U.S.C. § 1132(a)(1). A participant is "any employee or former employee of an employer ... who is or may become eligible to receive a benefit of" an ERISA plan. 29 U.S.C. § 1002(7). Whether a plaintiff is a participant is determined as of the time he files the lawsuit. Curtis v. Nevada Bonding Corp., 53 F.3d 1023, 1027 (9th Cir.1995).
 
 
 6
 The district court was correct when it determined that Clancy was never a participant in an ERISA plan. He averred in both complaints that the very fraud he alleged prevented his becoming eligible to receive a benefit from the 401(k) Plan. Although he contends that Freedman is limited to past benefits lost through fraud, the language of the decision is not susceptible to such a limitation. The scheme created by Freedman is clear: if you were prevented by fraud from participation in a plan, you will not be considered to be a participant, such claims are not preempted by ERISA, and your recovery must be founded on state law tort principles. Once the district court correctly determined that Clancy's state law claims must be remanded because he was not a participant, sua sponte dismissal of his federal claims on the same basis was not error.
 
 
 7
 AFFIRMED.
 
 
 
 [2]
 Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3