141 F.3d 1174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jack CASTLE, Petitioner,
v.
JAMES RIVER CORPORATION OF VIRGINIA (JRC), Interstate
Distributor Company (Interstate) and Superior Transportation
Systems, Inc. (STS); Western Transportation Co., Self
Insured Employer; Director, Office of Workers' Compensation
Programs, Respondents.
 No. 96-70834.
OWCP No. XX-XXXXXXX.
 BRB No. 95-1861.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 6, 1998.
Decided April 1, 1998.
 
 Petition for Review of an order of the Benefits Review Board.
 Before SCHROEDER, ALARCON and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 An administrative law judge ("ALJ") denied petitioner Jack Castle's claims for permanent total disability benefits or in the alternative permanent partial disability benefits. Castle argues that denial of his claim for disability benefits was not supported by substantial evidence. We affirm.
 
 
 3
 At oral argument, Castle's counsel conceded that the ALJ's denial of disability benefits was supported by substantial evidence. Relying on Metropolitan Stevedore Co. v. Rambo, --- U.S. ----, 117 S.Ct. 1953, 138 L.Ed.2d 327 (1997) ("Rambo II "), Castle's attorney requested that this court vacate the ALJ's order and remand to the ALJ for a hearing regarding whether Castle was entitled to an award of nominal damages.
 
 
 4
 Counsel for the respondents pointed out that the Court held in Rambo II that an award of nominal damages should be made to an employee who is currently earning more than his or her preinjury average weekly wage where "there is a significant potential that the injury will cause diminished capacity under future conditions." Rambo II, --- U.S. at ----, 117 S.Ct. at 1963. In this matter, Castle informed his treating physician that he intended to retire on November 1, 1994 regardless of the doctor's diagnosis. Castle retired on November 1, 1994. The ALJ's order was issued on June 21, 1995. Counsel for the respondents argued that Rambo II should be limited to an award of nominal damages to a person who is employed at the time of the hearing before the ALJ, but whose earning capacity may diminish in the future.
 
 
 5
 No request for an award of nominal damages was presented to the ALJ. The question whether nominal damages should have been awarded in this matter also was not raised in Castle's brief before this court. "We 'will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief' ." United States v. Ullah, 976 F.2d 509, 514 (9th Cir.1992) (quoting Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir.1986). There are three exceptions to this rule:
 
 
 6
 First, we will review an issue not present in an opening brief "for good cause shown" or "if a failure to do so would result in manifest injustice." Second, "[w]e have discretion to review an issue not raised by appellant ... when it is raised in the appellee's brief. Third, we may review an issue if the failure to raise the issue properly did not prejudice the defense of the opposing party.
 
 
 7
 Id. (citations omitted). Castle's attorney did not make a showing that any of these exceptions are applicable to this case.
 
 
 8
 Counsel for the respondents argued that she was not prepared to respond to Castle's request because she had not been advised by opposing counsel that he was prepared to concede and rely on an issue he had not previously raised in any manner. Rule 28(j) of the Federal Rules of Appellate Procedure provides that "[w]hen pertinent and significant authorities come to the attention of a party after the party's brief has been filed ... a party may promptly advise the clerk of the court, by letter, with a copy to all counsel, setting forth the citations." Rambo II was decided eight months ago. Castle's attorney did not explain his failure to inform opposing counsel or the court that he intended to rely on Rambo II.
 
 
 9
 We do not decide the interesting question regarding whether Rambo II applies to a person who has retired because the issue was raised for the first time on appeal and was not briefed by the parties.
 
 
 10
 In view of Castle's concession that the denial of disability benefits was supported by substantial evidence, we AFFIRM the decision of the Benefits Review Board.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3