Ben W. ALLUSTIARTE, Benjamin Allustiarte, Gayle Allustiarte, Linda A. Allustiarte, William J. Connolly, Ruth F. Howard, James D. Huffer, Karin Huffer, John L. Johnston, Raj Kumar, Charles G. Milden, Susan P. Milden, Marianne A. Pack, Frances Palmer, Robert Palmer, and Western Investors Group, Inc., Plaintiffs–Appellants,

v.

The UNITED STATES, Defendant–Appellee.

No. 00–5112.

United States Court of Appeals, Federal Circuit.

July 16, 2001.

William T. Barrante, of Watertown, CT, argued for plaintiffs-appellants.

Katherine J. Barton, Attorney, Environment and Natural Resources Division, Department of Justice, of Washington, DC, argued for defendant-appellee. With her on the brief were Lois J. Schiffer, Assistant Attorney General; John A. Bryson, and Susan V. Cook, Attorneys.

Before CLEVENGER, SCHALL, and GAJARSA, Circuit Judges.

SCHALL, Circuit Judge.

This is an appeal from the decision of the United States Court of Federal Claims that dismissed appellants' complaint against the United States for lack of subject matter jurisdiction. *Allustiarte v. United States,* 46 Fed. Cl. 713 (2000). The court determined that it did not have jurisdiction to consider appellants' allegations "that the actions approved by the bankruptcy courts [of the Ninth Circuit] resulted in takings ... in violation of the Fifth Amendment to the Constitution." *Id.* at 716. Because the Court of Federal Claims does not have jurisdiction to review decisions of federal bankruptcy courts, we affirm.

## BACKGROUND

Appellants were involved in bankruptcy proceedings in bankruptcy courts in the Ninth Circuit. Appellants sued the United States in the Court of Federal Claims, asserting in their complaint that the "improprieties in certain actions of the Bankruptcy Courts in the Ninth Circuit .... constituted a taking without just compensation in violation of the Fifth Amendment to the United States Constitution." Appellants Ben W. Allustiarte, Linda M. Allustiarte, William J. Connolly, Ruth F. Howard, James D. Huffer, Karin Huffer, John L. Johnston, Raj Kumar, Charles G. Milden, Susan P. Milden, and Western Investors Group, Inc. were debtors who filed for bankruptcy. These appellants allege that court-appointed bankruptcy trustees sold their assets for less than they were worth or otherwise handled their property in a manner that diminished their estates. Appellants Benjamin Allustiarte, Gayle Allustiarte, and Marianne A. Pack allege that a bankruptcy trustee wrongfully included

their property in the bankruptcy estates of Ben W. Allustiarte and Linda M. Allustiarte. Appellants Robert Palmer and Frances Palmer are creditors who allege in one count that a court-appointed bankruptcy trustee awarded their interest in a bankruptcy debtor's property to another party, and who allege in another count that a bankruptcy trustee awarded them too little in their action against a bankruptcy debtor. Appellants assert that the losses they suffered as a result of the bankruptcy courts' approval of the actions of the bankruptcy trustees constitute takings for which they are entitled to just compensation.

The government moved the Court of Federal Claims to dismiss appellants' complaint for lack of subject matter jurisdiction. In granting the government's motion, the court noted that it could find no precedent "in which the discretionary actions of a Bankruptcy Court judge [were found to] constitute a taking under the Fifth Amendment." *Allustiarte*, 46 Fed. Cl. at 716. Appellants had cited *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935), *United States v. Security Industrial Bank*, 459 U.S. 70, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982), and *Shanghai Power Co. v. United States*, 4 Cl.Ct. 237 (1983), *aff'd*, 765 F.2d 159 (Fed.Cir.1985) (unpublished table decision), to support their position. However, the court determined that while those cases acknowledged that amendments to the bankruptcy laws, if retroactive in nature, "could violate the Takings Clause of the Fifth Amendment," they did not "support [appellants'] theory that the discretionary actions of a bankruptcy judge can result in a ... taking." *Id.* at 717–18.

The court also recognized that it "does not have jurisdiction to review decisions issued during the normal course of bankruptcy proceedings." *Id.* at 718. Instead,

"[r]elief from [such] judgments may be found in timely appeals to the appropriate federal district courts, Circuit Courts of Appeal and ultimately to apply for certiorari to the United States Supreme Court." *Id.* The court therefore dismissed appellants' complaint for lack of jurisdiction. Our jurisdiction over the appeal of the dismissal is provided by 28 U.S.C. § 1295(a)(3) (1994).

## DISCUSSION

The subject matter jurisdiction of the Court of Federal Claims is a question of law that we review *de novo*. *First Hartford Corp. Pension Plan & Trust v. United States*, 194 F.3d 1279, 1286–87 (Fed.Cir.1999). The court here correctly determined that it lacks jurisdiction over appellants' challenges to the actions of the Ninth Circuit bankruptcy courts.

Each appellant's takings claim is based on an allegedly improper action by a bankruptcy trustee that was approved by a Ninth Circuit bankruptcy court. Appellants admit that the judgments of the bankruptcy courts were authorized by the applicable bankruptcy laws. They contend that they are not asking the Court of Federal Claims to review those judgments. However, in order for the court to entertain appellants' takings claims, it would have to determine whether appellants suffered a categorical taking of their property at the hands of the bankruptcy trustees and courts, or whether the courts' and trustees' actions defeated their reasonable, investment-backed expectations. *See, e.g., Rith Energy, Inc. v. United States*, 247 F.3d 1355, 1362 (Fed.Cir.2001) (explaining that a regulatory scheme may effect one of two types of takings: a categorical taking that deprives the property owner of all economically viable use of the property, or a non-categorical taking that defeats the property owner's reasonable, investment-backed expectations). Such a determina-

tion would require the court to scrutinize the actions of the bankruptcy trustees and courts.

■ As we stated in *Joshua v. United States,* 17 F.3d 378, 380 (Fed.Cir.1994), "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts." Moreover, the Supreme Court has stated that if a party is "dissatisfied with the Bankruptcy Court's ultimate decision, [it] can appeal 'to the district court for the judicial district in which the bankruptcy judge is serving,' and then to the Court of Appeals." *Celotex Corp. v. Edwards,* 514 U.S. 300, 313, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) (quoting 28 U.S.C. § 158(a) and citing 28 U.S.C. § 158(d)) (internal citations omitted). To permit collateral attacks on bankruptcy court judgments would "seriously undercut[ ] the orderly process of the law." *Id.* The proper forum for appellants' challenges to the bankruptcy trustees' actions therefore lies in the Ninth Circuit, not the Court of Federal Claims.[1]

Appellants cite *Preseault v. Interstate Commerce Commission,* 494 U.S. 1, 110 S.Ct. 914, 108 L.Ed.2d 1 (1990), for the proposition that the availability of appellate review in the Ninth Circuit does not preclude their ability to bring a takings claim in the Court of Federal Claims. The petitioners in *Preseault* had challenged the constitutionality of a statute, alleging that it effected a taking of their property. *Id.* at 10, 110 S.Ct. 914. The Second Circuit denied their challenge, and the Supreme Court affirmed that decision. *Id.* The Supreme Court determined, however, that the petitioners could bring suit in the United States Claims Court (the predecessor to the Court of Federal Claims) to seek com-

pensation for the alleged taking. *Id.* at 11–17, 110 S.Ct. 914. The petitioners did so and, in due course, this court determined that they had suffered a taking for which they were entitled to just compensation. *Preseault v. United States,* 100 F.3d 1525, 1552 (Fed.Cir.1996).

Appellants analogize their situation to that of the petitioners in *Preseault:* Like the Preseaults, who pursued an appeal to the Second Circuit, appellants availed themselves of the judicial review available in the Ninth Circuit, and, like the Preseaults, who were permitted to subsequently pursue a takings claim in the Court of Federal Claims, appellants now seek to pursue their takings claims in the Court of Federal Claims. The claims litigated in *Preseault,* however, are quite distinct from appellants' claims. First, the Preseaults' Second Circuit appeal challenged the constitutionality of a statute under the Takings Clause of the Fifth Amendment; appellants' Ninth Circuit proceedings challenged the actions of the bankruptcy trustees under the bankruptcy laws. Second, the Preseaults' takings claim in the Court of Federal Claims was based on the operation of the statute whose constitutionality they had unsuccessfully challenged in the Second Circuit and the Supreme Court; appellants' takings claims are based on the bankruptcy courts' approval of the actions of the bankruptcy trustees. Nothing in *Preseault* suggests that appellants can bring such takings claims in the Court of Federal Claims.

## CONCLUSION

For the foregoing reasons, the decision of the Court of Federal Claims dismissing

---

1. Some appellants here did pursue judicial review in the Ninth Circuit. *See, e.g., In re Allustiarte,* 786 F.2d 910 (9th Cir.1986); *In re Allustiarte,* 884 F.2d 1394 (9th Cir.1989) (unpublished table decision); *In re Connolly,* 141 F.3d 1174 (9th Cir.1998) (unpublished table decision); *Johnston v. Jem Devel. Co.,* 149 B.R. 158 (B.A.P. 9th Cir.1992); *In re Milden,* 111 F.3d 138 (9th Cir.1997) (unpublished table decision).

appellants' complaint for lack of subject matter jurisdiction is

*AFFIRMED.*