INNOVAIR AVIATION, LIMITED,
Plaintiff,

v.

The UNITED STATES, Defendant.

No. 96–408C.

United States Court of Federal Claims.

Jan. 30, 2002.

Ty Cobb, Washington, D.C., for plaintiff.

Sheryl L. Floyd, Commercial Litigation Branch, with whom were David M. Cohen, Director, and Robert D. McCallum, Jr., Assistant Attorney General, U.S. Department of Justice, Washington, D.C., for defendant.

### ORDER TO SHOW CAUSE

SMITH, Senior Judge.

After careful consideration of the parties' briefs on whether the stay in this case should be lifted, the Court lifts the stay in this case. In the interests of fairness and out of an abundance of caution, the Court directs plaintiff to show cause by March 29, 2002, why this case should not be dismissed in light of the Court of Appeals for the Federal Circuit's recent decision in *Vereda, LTDA v. United States*, 271 F.3d 1367 (Fed.Cir.2001).

The Court has carefully reviewed the Court of Appeals' *Vereda* opinion and is fairly well convinced it must dismiss this case. Congress created a comprehensive administrative and judicial review of government forfeitures under 21 U.S.C. § 881 and 18 U.S.C. § 981. In *Vereda*, the Federal Circuit made it clear that "[t]his statutory scheme evinces Congress' intent to preempt any Tucker Act jurisdiction over a money claim that challenges the propriety of an *in rem* administrative forfeiture of property seized ..." *Vereda*, 271 F.3d at 1375. While the Plaintiff does not challenge the propriety of the administrative forfeiture, it instead challenges the award it received for the property taken. However, the Federal Circuit also made it clear in *Vereda* that this Court cannot "entertain a taking claim that requires the court to 'scrutinize the actions of another tribunal.'" *Id.* (*quoting Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir.2001)). While the Plaintiff here does not ask this Court to overturn the forfeiture proceedings of the District Court for the District of Arizona, it is asking the Court to find that the district court reached a wrong decision as to the value of the Technology Licensing Agreement that the government took from Innovair. This the Court cannot do, nor can it review the forfeiture decision of the district court. However, the Court will allow the plaintiff to show why this reasoning is not correct. Plaintiff's brief shall not exceed 20 pages.

The defendant shall have until April 26, 2002, to respond to plaintiff's brief if it so chooses.

It is so ORDERED.