**John BARTH, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 03–5063.

United States Court of Appeals,
Federal Circuit.

Aug. 12, 2003.

Rehearing and Rehearing En Banc
Denied Sept. 24, 2003.

Before MICHEL, BRYSON, and DYK, Circuit Judges.

PER CURIAM.

John Barth ("appellant") appeals the Court of Federal Claims' dismissal of his complaint for lack of jurisdiction. *Barth v. United States,* No. 02–1478L (Ct.Cl. Jan. 30, 2003). We *affirm.*

## BACKGROUND

The appellant filed suit in Maine Superior Court alleging that the town of Sanford, Maine, had failed to restrict the use of certain recreational vehicles near his property, which thereby created a nuisance. The complaint asserted that this constituted a taking of his property. His suit was ultimately dismissed with prejudice, a decision upheld by the Maine Supreme Judicial Court. *Barth v. Town of Sanford,* No. Yor–00–188, Decision No. Mem. 00–111 (Oct. 2, 2000).

The appellant then filed suit in the United States District Court for the District of Maine, which found that he was alleging a virtually identical injury and thus dismissed because his suit was barred by res judicata. *Barth v. Town of Sanford*, No. 01–CV–208–P–C (D.Me. Nov. 26, 2001). The First Circuit affirmed, *Barth v. Town of Sanford*, No. 01–2756 (1st Cir. May 24, 2002), and the Supreme Court denied certiorari, *Barth v. Town of Sanford*, 537 U.S. 839, 123 S.Ct. 80, 154 L.Ed.2d 135 (2002).

On October 30, 2002, the appellant filed a complaint in the Court of Federal Claims. He alleged that the federal judiciary's failure to force Sanford, Maine, to abate the alleged nuisance caused by "the use of extremely noisy hobby vehicles (ATVs, motorcycles, and snowmobiles ... )" near his property constituted a continuing taking of his property[1] without just compensation in violation of the Fifth Amendment. (Compl. at 2). The government moved to dismiss the appellant's complaint, which the Court of Federal Claims did on January 30, 2003. *Barth*, No. 02–1478L, slip op. at 3. The appellant timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

The appellant alleges that the United States District Court for the District of Maine, the United States Court of Appeals for the First Circuit, and the United States Supreme Court effected a taking of his property, requiring compensation under the Fifth Amendment, by failing to require Sanford, Maine, to abate an alleged nuisance. The Court of Federal Claims correctly determined that it did not have jurisdiction to adjudicate the appellant's suit. We held in *Allustiarte v. United States*, 256 F.3d 1349 (Fed.Cir.2001), *cert. denied*, 534 U.S. 1042, 122 S.Ct. 619, 151 L.Ed.2d 541 (2001), that the Court of Federal Claims lacked jurisdiction to determine whether the actions of a bankruptcy court constituted a taking because "[s]uch a determination would require the court to scrutinize the actions of the bankruptcy trustees and courts." *Id.* at 1351–52; *see also Boise Cascade Corp. v. United States*, 296 F.3d 1339, 1344 (Fed.Cir.2002), *cert. denied*, —— U.S. ——, 123 S.Ct. 1484, 155 L.Ed.2d 226 (2003) (Court of Federal Claims had jurisdiction over takings claim because it "did not require the Court of Federal Claims to review the merits of the district court's order" but rather only to determine "whether the [government's] assertion of jurisdiction over [the plaintiff's property] by seeking and obtaining the injunction worked a taking of its property that requires compensation under the Takings Clause."); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed.Cir.2001) (Court of Federal Claims lacked jurisdiction over suit to determine whether administrative forfeiture under 21 U.S.C. § 881 constituted taking because the suit would "requir[e] a determination of the correctness of the administrative forfeiture."). The proper forum for such scrutiny, we held, was not the Court of Federal Claims but the Ninth Circuit. *Allustiarte*, 256 F.3d at 1352. The same result follows in this case. The appellant asked the Court of Federal Claims to scrutinize the actions of coordinate federal courts to determine whether their actions effected a taking of

---

1. The appellant alleged that he was "president of Springvale School," which "abuts" the alleged nuisance area, that he was "also an owner of land, and a resident, within" the alleged nuisance area, and that "the residents and landowners of the village of Springvale in the town of Sanford who reside within seven hundred feet" of the alleged nuisance area "may be joined to convert this action into a class action[.]" (Compl. at 3.)

his property. That was beyond the Court of Federal Claims' jurisdiction.[2]

## COSTS

No costs.

---

2. The government urges that the appellant lacks standing to pursue this claim because he does not own the property in question. Since the appellant fails to state a claim upon which relief can be granted, a threshold jurisdictional issue, we need not reach the issue of stand-

ing. *See Myers Investigative Sec. Servs., Inc. v. United States,* 275 F.3d 1366, 1369 (Fed.Cir. 2002) (holding that because the plaintiff lacked standing, a threshold issue, the court need not reach issue of whether case was also moot).