NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-5146

ALVIN DARRELL SMITH,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:   February 7, 2006
_____

Before MICHEL, Chief Judge, MAYER, and BRYSON, Circuit Judges.

PER CURIAM.

Alvin Darrell Smith appeals the decision of the United States Court of Federal Claims, which dismissed his complaint for lack of jurisdiction.  Smith v. United States, No. 04-CV-1685 (Fed. Cl. May 31, 2005).  We affirm.

"The jurisdiction of the Court of Federal Claims arises chiefly from the Tucker Act, which gives that court 'jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the

United States, or for liquidated or unliquidated damages in cases not sounding in tort.'" LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (quoting 28 U.S.C. § 1491(a)). However, "[t]he Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Because subject matter jurisdiction is a question of law, we review the trial court's dismissal de novo. Pixton v. B&B Plastics, Inc., 291 F.3d 1324, 1326 (Fed. Cir. 2002) (citation omitted).

Although Smith asserted violations of the Eighth Amendment, two repealed federal parole statutes (18 U.S.C. §§ 4205, 4206 (repealed 1984)), and federal statutes governing judicial misconduct (28 U.S.C. §§ 351-355), he failed to allege any cause of action that would entitle him to money damages and provide jurisdiction. The trial court also lacked jurisdiction over Smith's civil rights claims asserted under 42 U.S.C. § 1983. Section 1983 does not provide a cause of action against the federal government, and jurisdiction over section 1983 claims lies exclusively in the district courts, see 28 U.S.C. § 1343. Finally, the trial court lacks jurisdiction to review district court decisions, see Allustiarte v. United States, 256 F.3d 1349, 1352 (Fed. Cir. 2001), or actions against the United States pending in other courts, 28 U.S.C. § 1500.