NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SOLOMON UPSHAW,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2016-2443

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-01339-VJW, Judge Victor J. Wolski.

---

Decided: December 12, 2016

---

SOLOMON UPSHAW, Cape Neddick, ME, pro se.

ELIZABETH ANNE SPECK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOYCE R. BRANDA, ROBERT E. KIRSCHMAN, JR., DEBORAH A. BYNUM.

---

Before TARANTO, LINN, and CHEN, *Circuit Judges.*

PER CURIAM.

Solomon Upshaw owned a tractor and a trailer, which he alleges were wrongfully seized from him. Mr. Upshaw filed a complaint in the United States Court of Federal Claims asking for the recovery of those two items. The court dismissed his claims for lack of jurisdiction. We affirm.

I

Mr. Upshaw owned a 1992 Kenworth tractor and a Dorsey trailer. In his complaint filed with the Court of Federal Claims on November 6, 2015, he alleged that both were improperly seized as a result of a civil forfeiture, and he named two private individuals and one private company as defendants. There being no jurisdiction in the Court of Federal Claims over such claims against private persons, the court "construe[d] his complaint liberally to have been brought against the United States." Appx. 2 n.1. The United States then moved to dismiss the complaint. On July 28, 2016, the court granted the motion.

The court read the complaint as presenting two claims. One rests on a civil-forfeiture statute, 18 U.S.C. § 983, which Mr. Upshaw said was violated because he did not receive proper notice that his property would be forfeited. The Court of Federal Claims held that it lacked subject matter jurisdiction over that claim. The court reasoned that (1) Mr. Upshaw "fail[ed] to plead that the federal government had anything at all to do with the loss of his property," and (2) "even if the government had seized the tractor and trailer, [the court] would still lack jurisdiction," because 18 U.S.C. § 983 grants district courts, not the Court of Federal Claims, the authority to hear claims under that law.

Mr. Upshaw's second claim alleged tortious conduct, for which he sought recovery under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680. The Court of Feder-

al Claims held that it lacked subject matter jurisdiction to review that claim because tort claims are outside its jurisdiction. The court added that, to the extent that Mr. Upshaw was complaining about conduct by the Avon Police Department, the Department was not an agency of the United States, which therefore could not be liable for its conduct.

Mr. Upshaw appeals. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1295(a)(3).

## II

We review de novo whether the Court of Federal Claims possessed jurisdiction. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). The party invoking a court's jurisdiction bears the burden of establishing it by a preponderance of the evidence. *Id.*

The Tucker Act, 28 U.S.C. § 1491, establishes and defines the jurisdiction of the Court of Federal Claims relevant here. The Court of Federal Claims has jurisdiction to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

Mr. Upshaw appears to argue that the Court of Federal Claims had jurisdiction simply because it liberally construed his complaint as asserting claims against the United States, not just the named private defendants. That is incorrect. The presence of the United States may be a necessary condition for jurisdiction here, but it is not sufficient. Jurisdiction requires not only the right defendant, but the right claims, *i.e.*, claims within the Tucker Act. Only the former issue, not the latter, was resolved by reading the complaint as seeking relief against the United States.

Mr. Upshaw's claims are outside the Tucker Act. With regard to Mr. Upshaw's claim of a violation of 18 U.S.C. § 983: If that statute applies to the forfeiture alleged, the comprehensive remedial regime of that statute commits the claim of violation to district courts, to the exclusion of the Court of Federal Claims. *See* 18 U.S.C. § 983(a)(4)(A) ("In any case in which the Government files in the appropriate United States district court a complaint for forfeiture of property, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property . . . ."); *cf. Vereda, Ltda. v. United States*, 271 F.3d 1367, 1376 (Fed. Cir. 2001) (Tucker Act jurisdiction displaced by the forfeiture regime of 21 U.S.C. § 881). With regard to Mr. Upshaw's tort claims: The Tucker Act excludes tort claims. 28 U.S.C. § 1491(a)(1) (excluding claims "sounding in tort"); *see U.S. Marine, Inc. v. United States*, 722 F.3d 1360, 1372 (Fed. Cir. 2013).

CONCLUSION

For the foregoing reasons, we affirm the trial court's decision to dismiss for lack of subject matter jurisdiction.

No costs.

**AFFIRMED**