NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN S. BARTH,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2017-2238

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00635-NBF, Senior Judge Nancy B. Firestone.

---

Decided: December 11, 2017

---

JOHN S. BARTH, Springvale, ME, pro se.

LAUREN MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., PATRICIA M. MCCARTHY.

---

Before DYK, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

John Barth appeals from a judgment from the Court of Federal Claims ("Claims Court") dismissing his complaint for lack of subject matter jurisdiction. We *affirm*.

## BACKGROUND

Barth's complaint arises from disputes with his neighbor, Starlet McNeely. For over four years, Barth alleges that he has suffered from prolonged sleep deprivation due to loud barking by McNeely's dogs throughout the night. Barth also alleges that McNeely's actions amounted to extreme nuisance and assault. In addition to the United States, Barth also names as defendants various state and federal court judges, a federal court employee, Florida state officials, the state of Florida, and various private individuals. Barth claims that the defendants have violated his due process and equal protection rights and that the effect of their actions has been an unconstitutional taking. Barth seeks money damages as well as imprisonment of the individual defendants.

The Claims Court sua sponte dismissed the complaint under Rule 12(h)(3) of the Rules of the United States Court of Federal Claims, which provides that the court must dismiss an action if at any time the court determines it lacks subject matter jurisdiction. The Claims Court explained that it lacked jurisdiction over claims against defendants other than the United States and over the claims brought against the United States because they do not come under the Tucker Act.

Barth timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo whether the Claims Court possessed jurisdiction. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). The plaintiff bears the

burden of establishing subject matter jurisdiction by a preponderance of the evidence. *Id.* In reviewing a dismissal for lack of subject matter jurisdiction, we take all uncontested factual allegations as true and construe them in the light most favorable to the plaintiff. *Id.*

The Tucker Act, 28 U.S.C. § 1491, defines the scope of the Claims Court's jurisdiction. The Tucker Act confers jurisdiction on the Claims Court and waives sovereign immunity for certain claims for monetary relief against the United States. It provides the Claims Court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." § 1491(a)(1).

The Claims Court only has jurisdiction to hear claims against the United States. *United States v. Sherwood*, 312 U.S. 584, 588 (1941). To the extent that Barth's complaint seeks relief against defendants other than the United States, including state entities, judicial officers, and private parties, the Claims Court correctly dismissed those claims.

The essence of Barth's remaining claims against the United States is that the District Court for the Middle District of Florida and the Eleventh Circuit failed to provide relief in his dispute with McNeely, and that these failures violated the Due Process, Equal Protection, and Takings Clauses. However, the Claims Court does not have jurisdiction to afford relief based on the actions or inactions of other federal district and circuit courts. *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001); *see also Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 218–19 (1995) (holding that Article III forbids an Article I tribunal from reviewing the actions of an Article III court).

Barth argues that his claim is reviewable under *Boise Cascade Corp. v. United States*, 296 F.3d 1339 (Fed. Cir. 2002). However, Boise presented a different scenario. In *Boise*, the U.S. Fish and Wildlife Service obtained an injunction prohibiting logging on a landowner's land without a permit pursuant to the Endangered Species Act. *Id.* at 1342. The Federal Circuit held that the Claims Court had jurisdiction to review whether the Fish and Wildlife Service's actions resulted in a taking. *Id.* at 1345. In *Boise*, the government was not merely involved as an impartial judicial arbiter—the Fish and Wildlife Service sought an injunction against the landowner. *Id.* Here, the sole government involvement arises from judicial decisions of the courts denying relief to Barth. Therefore, the Claims Court properly determined that it lacked jurisdiction to review of the merits of the underlying federal courts' decisions.

## CONCLUSION

The Claims Court lacked jurisdiction over Barth's claims, and properly dismissed the complaint.

**AFFIRMED**

### COSTS

No costs.