NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DEREK N. JARVIS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2018-1111

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-00762-LKG, Judge Lydia Kay Griggsby.

---

Decided: April 10, 2018

---

DEREK N. JARVIS, Silver Spring, MD, pro se.

DELISA SANCHEZ, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., TARA K. HOGAN.

---

Before DYK, REYNA, and STOLL, *Circuit Judges*.

PER CURIAM.

Derek N. Jarvis appeals from a judgment from the Court of Federal Claims ("Claims Court"), dismissing his complaint for lack of subject-matter jurisdiction. We *affirm*.

## BACKGROUND

Mr. Jarvis has unsuccessfully litigated several cases in the United States District Court for the District of Maryland. Mr. Jarvis filed suit in the Claims Court against the United States, alleging that the district judges who presided over these cases, and others, denied Mr. Jarvis access to "impartial justice." Mr. Jarvis asserts that a conspiracy has caused judges to routinely dismiss his cases, thereby violating his due process rights under the Fifth and Fourteenth Amendments to the Constitution.

The government moved to dismiss for lack of subject-matter jurisdiction. The Claims Court granted the motion, holding that it lacked jurisdiction over Mr. Jarvis's allegations on various grounds. Primarily, the Claims Court recognized that it did not have jurisdiction to review the actions taken by district judges in other litigation.

Mr. Jarvis appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Our court reviews de novo whether the Claims Court possessed jurisdiction. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). We accept as true all undisputed facts and draw all reasonable inferences from them in the non-movant's favor. *Diversified Grp. Inc. v. United States*, 841 F.3d 975, 980 (Fed. Cir. 2016).

It is well established that the Claims Court does not have jurisdiction to afford relief based on the actions or inactions of federal district courts. *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (explaining that the Claims Court "does not have jurisdiction to review the decisions of district courts or the clerks of district courts relating to proceedings before those courts"). We have considered Mr. Jarvis's other claims and conclude that they are without merit.

The Claims Court was correct in holding that it lacked jurisdiction to consider any of Mr. Jarvis's allegations.

**AFFIRMED**

Costs

No costs.