NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN S. BARTH,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2018-1776

---

Appeal from the United States Court of Federal Claims in No. 1:17-cv-01037-PEC, Judge Patricia E. Campbell-Smith.

---

Decided: September 11, 2018

---

JOHN S. BARTH, Springvale, ME, pro se.

JESSICA COLE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM, CHAD A. READLER.

---

Before NEWMAN, LINN, and DYK, *Circuit Judges.*

Per Curiam

John Barth ("Barth") appeals from the dismissal of his amended complaint by the Court of Federal Claims ("Claims Court") for lack of subject matter jurisdiction. Because the Claims Court did not err in reaching its decision, we affirm. We write for the parties and therefore omit the factual and procedural background from this opinion.

I

Count I of Barth's amended complaint is directed to the United States and alleges that a district judge in a prior suit involving Barth "refused to seal the case, or to request federal discovery assistance, or to disqualify himself to permit a judge with knowledge of internet racketeering to handle the case, and published the unredacted documents on the court and Pacer websites, thereby notifying the defendants [in that case] and allowing them to destroy evidence and move assets out of the country and beyond recovery." Amended Complaint at 11. Barth sued the United States to recover "damages due to incidental taking of private property without just compensation, and denial of property without due process or equal protection of law." *Id.*

The Claims Court dismissed that count by correctly recognizing that it has no jurisdiction "to review the merits of a decision rendered by a federal district court," *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) or "to entertain a taking[s] claim that requires the court to scrutinize the actions of another tribunal," *Innovair Aviation Ltd., v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011) (quoting *Vereda Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001)). In challenging the dismissal of Count I on appeal, Barth argues that the Claims Court was wrong. He contends that the jurisdiction of the Claims Court is "broader than that of other federal courts" and that "[n]o

reason whatsoever was produced [in the Claims court's opinion], not even a poor argument, for denying jurisdiction on *any* of the grounds asserted." We disagree. The Claims Court's opinion was well-reasoned and is fully supported by the cases cited and relied upon. Barth's attempts to distinguish his case from *Innovair* based on differences in the facts underlying the cases cited therein have no merit. His reliance on *Boise Cascade Corp. v. United States*, 296 F.3d 1339 (Fed. Cir. 2002), which did not address judicial actions similar to those alleged in Count I, also has no merit. Barth also contends that Count I should not have been dismissed because Article III of the United States Constitution gives courts in the United States, such as the Claims Court, extensive authority. But Barth fails to appreciate that the Claims Court is a court established under Article I and not Article III and that its jurisdiction is statutorily limited under the Tucker Act. *See* 28 U.S.C. § 1491.

## II

Counts II and III assert claims against various individuals and organizations based on alleged violations of the Copyright Act and the Racketeering Influenced and Corrupt Organization Act "and corresponding treaties and statutes of foreign powers." Amended Complaint at 13. Barth contends that the jurisdiction of the Claims Court extends to individuals and organizations in addition to the United States and that a claim under the Tucker Act does not require money damages. Barth is wrong on both points. Jurisdiction of the Claims Court is established by the Tucker Act, which contains no provision extending jurisdiction of that court to any individual or organization other than the United States—or to any claims other than for liquidated or unliquidated damages. 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claims *against the United States . . . for liquidated or unliquidated damages*.") (emphases added); *United States*

*v. Sherwood*, 312 U.S. 584, 588 (1941) ("[J]urisdiction [of the Claims Court] is confined to the rendition of money judgments in suits brought for that relief against the United States.").

### III

The court has carefully considered Barth's other arguments and concludes they have no merit.[1]

### IV

For the foregoing reasons, the judgment of the Claims court is affirmed.

**AFFIRMED**

COSTS

No costs.

---

[1]    Barth, by motion, requests a change of venue to a district court "such as that of New Hampshire." A change of venue may be made only on a showing that the case "could have been brought" in the transferee court and that such transfer "is in the interest of justice." 28 U.S.C. § 1631. Barth has made no such showing with respect to any of the counts in his complaint. We therefore deny Barth's motion to order the Claims Court to transfer the case.