NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MARIKI EARL,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2019-2144

---

Appeal from the United States Court of Federal Claims in No. 1:19-cv-00901-VJW, Senior Judge Victor J. Wolski.

---

Decided: December 9, 2019

---

MARIKI EARL, Missouri City, TX, pro se.

ISAAC B. ROSENBERG, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, REGINALD THOMAS BLADES, JR., ROBERT EDWARD KIRSCHMAN, JR.

---

Before MOORE, REYNA, and TARANTO, *Circuit Judges.*

PER CURIAM.

Mariki Earl appeals a decision of the U.S. Court of Federal Claims (Claims Court) dismissing his complaint for lack of subject matter jurisdiction. *See Earl v. United States*, No. 19-901, 2019 WL 2714837 (Fed. Cl. June 28, 2019) (Opinion). Because the Claims Court lacks subject matter jurisdiction, we *affirm*.

## BACKGROUND

Mr. Earl filed a complaint in the Claims Court on June 20, 2019 alleging price fixing by unspecified oil companies. As the grounds for jurisdiction, the complaint references a lawsuit Mr. Earl filed against the United States District Court for the Southern District of Texas seeking compensation for alleged "encroachments of [his] constitutional rights." Supplemental Appendix at 6. The complaint also mentions a claim he allegedly filed with the United States Department of Labor under the McNamara-O'Hara Service Contract Act. *Id.* at 7. The Claims Court dismissed Mr. Earl's complaint *sua sponte* on June 28, 2019 for lack of subject matter jurisdiction. Opinion at *1–2.

Mr. Earl timely appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's dismissal for lack of subject matter jurisdiction de novo. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010). In determining whether the Claims Court has jurisdiction, we accept as true all undisputed factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The Tucker Act gives the Claims Court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the

United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).

Mr. Earl fails to identify a statutory or constitutional basis for his claims. Supplemental Appendix at 7. He neither alleges a contract with the United States nor alleges that the federal government violated a money-mandating statute. The McNamara-O'Hara Service Contract Act, under which he purportedly filed a complaint with the United States Department of Labor, regulates the wage practices of federal contractors and subcontrators. 41 U.S.C. §§ 6701–07. It does not compel payments by the federal government. With respect to the alleged "encroachments of [his] constitutional rights" by the Southern District of Texas, the Claims Court is without jurisdiction to scrutinize the actions of another tribunal. *Vereda Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001). Thus, the Claims Court correctly determined that it lacks subject matter jurisdiction.

CONCLUSION

Because the Claims Court lacks subject matter jurisdiction, we *affirm*.

**AFFIRMED**

COSTS

No costs.