NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**VIRGINIA ARLENE GOFORTH,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2019-1848

_____

Appeal from the United States Court of Federal Claims in No. 1:18-cv-00507-NBF, Senior Judge Nancy B. Firestone.

_____

Decided: July 10, 2020

_____

VIRGINIA ARLENE GOFORTH, Canton, NC, pro se.

MARGARET JANTZEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ETHAN P. DAVIS, STEVEN JOHN GILLINGHAM, ROBERT EDWARD KIRSCHMAN, JR.

_____

PER CURIAM.

Virginia Arlene Goforth appeals from the decision of the United States Court of Federal Claims dismissing her action for lack of subject matter jurisdiction. *See Goforth v. United States*, No. 1:18-cv-00507-NBF, 2019 WL 994574 (Mar. 1, 2019) ("*Decision*"). We affirm.

## I

After the Supreme Court of the United States denied Ms. Goforth's petition for certiorari, she filed a complaint in the Court of Federal Claims seeking "$670,000 and/or a remand for rehearing in the United States Supreme Court, or other such appropriate venue for settlement." Appellee's App'x 11. The Court of Federal Claims construed Ms. Goforth's complaint as alleging that the Supreme Court denied and violated her constitutional rights by denying, without explanation, her petition for certiorari. *Decision*, 2019 WL 994574, at *1. Arguing that the Court of Federal Claims lacked jurisdiction, the Government moved to dismiss Ms. Goforth's complaint.

The Court of Federal Claims granted the Government's motion. The court reasoned that Ms. Goforth failed to identify a substantive right for money damages and that the court lacked jurisdiction to review the Supreme Court's actions.

Ms. Goforth timely appealed the dismissal. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

"The jurisdiction of the Court of Federal Claims arises chiefly from the Tucker Act." *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). The Tucker Act "confers jurisdiction on the Court of Federal Claims, and a corresponding waiver of the government's sovereign immunity from suit, when the constitutional provision, statute, or regulation in question expressly creates a substantive right

enforceable against the federal government for money damages." *Id.* (citing *United States v. Testan*, 424 U.S. 392, 398 (1976)).  We review de novo a decision of the Court of Federal Claims to dismiss for lack of subject matter jurisdiction.  *Petro-Hunt, LLC v. United States*, 862 F.3d 1370, 1378 (Fed. Cir. 2017).

## III

Ms. Goforth contends that the Court of Federal Claims has jurisdiction to review the constitutional violations she says she suffered when the Supreme Court denied her petition for certiorari without providing any reasoning for the denial.  She alleges that the Supreme Court's action violates the petition clause of the First Amendment and the due process and equal protection clauses of the Fifth and Fourteenth Amendments.  In her reply brief, she alleges for the first time that the Supreme Court's action also constitutes a taking under the Fifth Amendment.[1]

In these circumstances, Ms. Goforth does not have a right to Supreme Court review of a petition for certiorari.  Sup. Ct. R. 10 ("Review on a writ of certiorari is not a matter of right, but of judicial discretion.").  And the Supreme Court is not required to provide its reasoning for denying a petition for certiorari.  *See Md. v. Balt. Radio Show*, 338 U.S. 912, 918 (1950).  Instead, "Congress has placed the control of the [Supreme Court]'s business, in effect, within the Court's discretion" and for the Court "to do its work it would not be feasible to give reasons, however brief, for refusing to take . . . cases."  *Id.*  In addition, other courts may

---

[1]    On June 17, 2020 Ms. Goforth filed a motion to extend the time to file her memorandum in lieu of oral argument.  We granted that motion and Ms. Goforth filed her memorandum on July 1, 2020.  We have reviewed and considered the memorandum in reaching our decision.

not review the Supreme Court's determinations—or command it, as Ms. Goforth requests.

Furthermore, the constitutional violations that Ms. Goforth alleges in her opening brief are not within the jurisdiction of the Court of Federal Claims. These constitutional provisions that Ms. Goforth alleges were violated are not money mandating and are therefore outside the limited jurisdiction of the Court of Federal Claims. *See LeBlanc*, 50 F.3d at 1028; *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983).

Because Ms. Goforth first raised her takings claim in her reply brief, the claim is waived. *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed Cir. 2006) ("arguments not raised in the opening brief are waived"). Even if this claim was not waived, the Court of Federal Claims would lack the jurisdiction to review this claim because the "Court of Federal Claims cannot entertain a taking[s] claim that requires the court to scrutinize the actions of another tribunal." *Petro-Hunt*, 862 F.3d at 1385 (quoting *Verada, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001)).

## IV

We have considered Ms. Goforth's remaining arguments and find them unpersuasive. For the foregoing reasons we affirm the Court of Federal Claims.

## AFFIRMED

### COSTS

The parties shall bear their own costs.