NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LESLIE R. HASTINGS, JR.,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-2073

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00531-PEC, Judge Patricia E. Campbell-Smith.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

The United States moves to summarily affirm the judgment of United States Court of Federal Claims dismissing Leslie R. Hastings, Jr.'s complaint.  Mr. Hastings has filed several motions for various relief, but he has not responded to the government's motion.

In 2020, Mr. Hastings, who is incarcerated in Texas state prison, filed a petition for a writ of habeas corpus, which was removed to the United States District Court for the Northern District of Texas and ultimately dismissed. After the United States Court of Appeals for the Fifth Circuit dismissed his appeal, Mr. Hastings filed the present action in the Court of Federal Claims, seeking damages and his immediate release from prison, alleging that he was "being wrongfully imprisoned" and that the Fifth Circuit's mandate violated his constitutional rights. On July 12, 2022, the Court of Federal Claims dismissed any asserted claim for damages for an unjust conviction pursuant to the court's jurisdiction under 28 U.S.C. § 1495 for failure to state a claim upon which relief can be granted, dismissed his remaining claims for lack of jurisdiction under the Tucker Act, 28 U.S.C. § 1491, and certified under 28 U.S.C. § 1915(a)(3) that any appeal from the judgment would not be taken in good faith. Mr. Hastings nevertheless filed this appeal challenging that ruling.

We agree that summary disposition is appropriate here because there is no "substantial question regarding the outcome" of the appeal. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted). Mr. Hastings' informal brief appears to primarily take issue with the Court of Federal Claims' decision to not review decisions of the district court and the Fifth Circuit in his prior habeas case. But as the trial court noted, the Court of Federal Claims does not have jurisdiction to review the decisions of federal district or appellate courts. *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1384–85 (Fed. Cir. 2017); *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001); *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001).

The trial court also correctly concluded that § 1495 does not apply here. That statute gives the Court of Federal Claims "jurisdiction to render judgment upon any claim for

damages by any person unjustly convicted of an offense against the United States and imprisoned." But 28 U.S.C. § 2513 states requirements for such a suit, making clear that the Court of Federal Claims may not itself review the conviction and imprisonment. The plaintiff must show that "[h]is conviction has been reversed or set aside on the ground that he is not guilty . . . or that he has been pardoned." § 2513(a)(1). "Proof of the requisite facts shall be by a certificate of the court or pardon . . . and other evidence thereof shall not be received." § 2513(b). Mr. Hastings submitted neither a court-issued certificate that his conviction has already been reversed or set aside nor proof of a presidential pardon. The Court of Federal Claims therefore properly dismissed his claims.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion for summary affirmance is granted. The judgment of the United States Court of Federal Claims is summarily affirmed.

(2) All other motions are denied as moot.

(3) Each side shall bear its own costs.

FOR THE COURT

November 14, 2022                          /s/ Peter R. Marksteiner
        Date                                        Peter R. Marksteiner
                                                          Clerk of Court