NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARTHUR LOPEZ,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2022-2244

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-00330-SSS, Judge Stephen S. Schwartz.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

The United States moves to summarily affirm the United States Court of Federal Claims' dismissal of Arthur Lopez's complaint seeking $440,000,000. Mr. Lopez opposes. For the reasons below, we grant the motion and summarily affirm the judgment of the Court of Federal Claims.

In his *pro se* complaint, Mr. Lopez notes that he previously brought suit against HSBC Bank, USA, N.A. and former F.B.I. director, James Comey (alleged to be on the bank's Board of Directors).  Appx8; *see Lopez v. HSBC Bank USA, N.A.*, No. 19-cv-01816 (C.D. Cal.).  He alleges that "the defendants including the Supreme Court have repeatedly  ignored Plaintiff's 'Taking Claims' and all other causes of action brought forth seeking Due Relief" by dismissing his prior district court action relating to "an equity line of credit to be established with HSBC Bank, USA, NA" for a "property related to this case," where there was allegedly a forced sale of the property, Appx8–9; *see* Mot. at 2–3; *see also Lopez v. HSBC Bank USA*, No. 21-1002 (S. Ct. Mar. 21, 2022) (denying petition for writ of certiorari).

Summary affirmance is appropriate "when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists."  *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).  Here, the Court of Federal Claims properly dismissed Mr. Lopez's complaint because, at most, he alleges deprivation of property by a private bank, with a former federal official on its board, and by the federal courts that adjudicated his previous claims.  Neither raises a plausible or cognizable claim for relief against the United States.  *See Welty v. United States*, 926 F.3d 1319, 1324 (Fed. Cir. 2019) ("[A]ctions of a third party that harm a plaintiff's private property rights can be attributed to the United States [only] if the third party was acting as the government's agent or the government's influence over the third party was coercive rather than merely persuasive." (cleaned up)); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal." (citation omitted)).

We have considered Mr. Lopez's other arguments; they raise no cognizable, non-frivolous basis for finding error in the Court of Federal Claims' judgment.

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted.  The judgment of the Court of Federal Claims is summarily affirmed.

(2)  Each side shall bear its own costs.

FOR THE COURT

December 28, 2022                    /s/ Peter R. Marksteiner
          Date                                   Peter R. Marksteiner
                                                       Clerk of Court