NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**AARON CORBIN MAZIE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2026-1230

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-01865-PSH, Judge Philip S. Hadji.

---

**ON MOTION**

---

PER CURIAM.

### O R D E R

Aaron Corbin Mazie appeals from the final judgment of the United States Court of Federal Claims dismissing his complaint for lack of jurisdiction.  The United States moves for summary affirmance.  ECF No. 4.  Mr. Mazie opposes

and moves to hold the motion in abeyance, ECF No. 7.[1]  The government opposes.

In April 2025, Mr. Mazie filed a petition at the United States Court of Appeals for the Third Circuit seeking "[i]mmediate payment of $100.1 billion USD by the United States government, in accordance with . . . the default [judgment] entered under Fed. R. Civ. P. 55(a)." *In re Mazie*, No. 25-1785 (3d Cir. Apr. 24, 2024), ECF No. 1 at 2.  As "evidence" of that judgment, he included a proposed order he sought in New Jersey Family Court, which he was asking the Third Circuit to enforce, that would, among other things, expunge his criminal record, restore his right to possess firearms and pay him $100,000,000 in restitution for violating his constitutional rights. *Id.* at 10–14.

In June 2025, the Third Circuit denied his petition. Mr. Mazie moved for reconsideration, arguing that, because "[t]he Court has not issued any order vacating the Rule 55(d) Default Judgment filed by Petitioner on this docket," the "Rule 55(d) default is now self-executing, and enforceable as a treaty obligation under Article VI, Clause 2 of the United States Constitution (the Supremacy Clause)," and "the effect of this default is to affirm the obligations of the United States as adjudicated in the original default, including constitutional damages, injunctive relief, and treaty recognition." *Mazie*, No. 25-1785 (3d Cir. June 13, 2025), ECF No. 35 at 1 (emphases omitted).

After the Third Circuit rejected his motions and prohibited further filings in that court, Mr. Mazie filed this

---

[1]    Mr. Mazie, whose other submissions are in English, also submits documents largely in Latin.  ECF No. 7 at 6–8 and ECF No. 6.  The court takes no action on these or any future submissions in this case not submitted in English.

suit in the Court of Federal Claims. The complaint asserts that the Third Circuit's denial of his petition on a "Default from a returned Proposed Order . . . that changed the return date past legal statute requirements, violating NJ Ct. R. 1:6-3," resulted in "a statement of promissory estoppel for $100.1B." Appx7. He further asserts that the federal government, through "its own judicial and administrative conduct," including payment of social security benefits, recognized this payment obligation and he was requesting it now "satisfy the full amount claimed by Plaintiff." Appx7–Appx8. Noting the lack of any default judgment and its inability to review decisions of other courts, the Court of Federal Claims dismissed for lack of jurisdiction.

The Tucker Act, 28 U.S.C. § 1491, grants limited jurisdiction to the Court of Federal Claims over claims for money damages against the United States based on a contract, the Constitution, or other source of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009). The Court of Federal Claims was clearly correct that Mr. Mazie failed to identify any basis for granting such relief here. Mr. Mazie demanded payment based on the actions (or inactions) of the Third Circuit and/or the New Jersey Family Court in his prior cases. But it is well-settled that the Court of Federal Claims "cannot entertain a taking claim that requires the court to scrutinize the actions of another tribunal." *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (cleaned up). And Mr. Mazie has not identified any other plausible basis for jurisdiction over his claims. As such, we agree summary affirmance is appropriate here. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Accordingly,

4                                                        MAZIE v. US

IT IS ORDERED THAT:

(1) The motion for summary affirmance is granted. The judgment of the United States Court of Federal Claims is summarily affirmed.

(2) The motion to stay is denied as moot.

(3) Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

February 17, 2026
Date