# In the United States Court of Federal Claims

No. 20-792C
(Filed July 21, 2020)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * *
                                  *
                                  *
DERRICK MICHAEL ALLEN,            *
SR.,                              *
                                  *
              Plaintiff,          *
                                  *
       v.                         *
                                  *
THE UNITED STATES,                *
                                  *
              Defendant.          *
                                  *
* * * * * * * * * * * * * * * * * *
```

## ORDER

WOLSKI, Senior Judge.

Plaintiff Derrick Michael Allen, Sr., who is representing himself in this matter, alleges that the United States District Court for the Middle District of North Carolina (district court) intentionally and improperly dismissed several lawsuits he filed in that court, on the grounds that they lacked subject-matter jurisdiction or otherwise failed to state a claim. Compl. at 1–3. A careful review of the complaint reveals that, even if everything Mr. Allen alleges is true, the subject matter of his complaint does not come within the jurisdiction of this court.

As a preliminary matter, the Court notes that on July 8, 2020, plaintiff filed a motion for appointment of counsel under 28 U.S.C. § 1915(e)(1). *See* ECF No. 8. Although the government has not yet responded to this motion, section 1915(e)(1) does not authorize a court to "appoint" an attorney to represent an indigent litigant, but instead merely to "request" that one do so. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa,* 490 U.S. 296, 300–09 (1989).

The Court generally refrains from making such requests, which an attorney may feel leaves him no choice but to accept. The very concept of a branch of our national government compelling an attorney to represent a party without payment

for his services is inimical to the purpose of our court, which exists to ensure that citizens are compensated when the government takes or contracts for their property or services. *Barrera v. United States*, No. 15-1371C, 2016 WL 690682, at *1 (Fed. Cl. Feb. 19, 2016). In any event, when sought by a plaintiff in a civil matter who is unable to afford counsel, courts may appropriately involve themselves in the securing of counsel only in "extraordinary circumstances" with severe potential consequences---such as the danger of being civilly committed, *see Vitek v. Jones,* 445 U.S. 480 (1980) (plurality opinion in relevant part), or of losing custody of a child, *see Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18 (1981). Here, plaintiff's claim is for compensation, presumably relating to the lawsuits he filed in the district court. Compensation claims by their nature fall short of the extraordinary circumstances justifying court-requested assistance. Because plaintiff failed to demonstrate the extraordinary circumstances that would make it appropriate for the Court to request that a lawyer represent him, plaintiff's motion for appointment of counsel, ECF No. 8, is **DENIED**.

In this case, Mr. Allen seeks $400 in compensation for the filing fee associated with one of his federal lawsuits in North Carolina,[1] as well as an improbable $250,000 for "postage, copying fees, and certified mail (return receipts)" expenses that he allegedly incurred in connection with eleven lawsuits he had filed in the district court. Compl. at 4; *see also id.* at 2 (enumerating case numbers). In brief, Mr. Allen challenges the district court's dismissal of his numerous lawsuits because he contends the complaints contained sufficient facts to survive dismissal. *Id.* at 2–3. He contends these dismissals constitute "intentional disregard for the rights" he has under the U.S. Constitution, specifying in this regard only a due process right to commence lawsuits. *Id.* at 1. Relatedly, plaintiff appears to assert that several of the dismissals are deficient because they employ legal reasoning from unpublished opinions, which Mr. Allen posits are "not legal precedent." *Id.* at 2. He maintains that he properly pleaded cases coming under the federal question and diversity jurisdiction statutes, 28 U.S.C. §§ 1331 and 1332. *Id.* at 3. Finally, plaintiff appears to challenge the district court's decision to imprison him for unlawful ownership of a firearm as a felon,[2] arguing that he was never a felon. *Id.*[3]

---

[1] The filing fee appears to be for the case *Allen v. Tri-Lift N.C., Inc.*, 1:19cv851, 2020 WL 70984 (M.D.N.C. Jan. 7, 2020). *See* Compl. at 2, 4.

[2] *See generally United States v. Allen*, 734 F. App'x 898 (4th Cir. 2018) (per curiam), *vacated*, 139 S. Ct. 2774 (2019) (mem.).

[3] Although he does not articulate an unjust conviction and imprisonment claim under 28 U.S.C. § 2513, such a claim could not be brought in this case due to the rule against claim-splitting, *see Young v. United States*, 60 Fed. Cl. 418, 423–24

As is frequently the case when individuals represent themselves without the assistance of counsel, Mr. Allen seems to misunderstand the jurisdiction that Congress has bestowed upon the Court of Federal Claims. Under the Tucker Act, this court is primarily granted jurisdiction to hear cases brought against the U.S. government by parties alleging breach of a contract or the violation of a federal law that requires the federal government to pay money when violated---often called a "money-mandating" law. *See* 28 U.S.C. § 1491(a)(1). In no event may this court entertain claims involving tortious conduct. *See id.* (prohibiting claims "sounding in tort"). Although Mr. Allen invokes the Tucker Act as a source of our court's jurisdiction, *see* Compl. at 1, the Tucker Act alone does not create a substantive right to relief. *See Me. Cmty. Health Options v. United States*, --- U.S. ---, 140 S. Ct. 1308, 1327, 206 L.Ed.2d 764 (2020) (quoting *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009)). Instead, the Tucker Act must be paired with a money-mandating source of law. *Navajo Nation*, 556 U.S. at 290. The complaint does not properly allege the existence of a contract with the federal government, nor does it allege that the federal government violated a money-mandating provision of law. *See* Compl. 1–5; *cf. United States v. Mitchell*, 463 U.S. 206, 216 (1983) ("Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States . . . ."); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating.").

The only federal law that Mr. Allen appears to mention as a basis for relief is the Fifth Amendment's Due Process Clause. *See* Compl. 1.[4] But this constitutional provision has long been held not to support this court's jurisdiction. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980)); *see also Smith v. United States*, 709 F.3d at 1116 ("The law is well settled that the Due Process clauses of both the Fifth and

---

(2004), as he has previously filed a separate complaint containing that claim, *see Allen v. United States*, No. 20-437C (Fed. Cl. Apr. 13, 2020).

[4] As noted above, plaintiff also cites the federal question and diversity jurisdiction statutes, 28 U.S.C. §§ 1331–32. *See* Compl. at 3. But these concern the jurisdiction of district courts, not our court. *See, e.g., Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019); *Ali v. United States*, No. 19-586C, 2019 WL 3412313, at *4 (Fed. Cl. July 29, 2019). Moreover, those statutes contain no language mandating that the federal government pay money damages for their violation. *See* 28 U.S.C. §§ 1331–32.

Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.").[5]

Moreover, to the extent that Mr. Allen complains about the district court's disposition of his previous cases, that is not a matter the Court can entertain because the Court of Federal Claims lacks jurisdiction to review the decisions of the federal district courts. *See Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015) ("Binding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court."); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("The Court of Federal Claims 'does not have jurisdiction to review the decisions of district courts.'" (quoting *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994))); *see also Allustiarte v. United States,* 46 Fed. Cl. 713, 718 (2000) (no jurisdiction over bankruptcy court's decisions), *aff'd*, 256 F.3d 1349 (2001), *cert. denied,* 534 U.S. 1042 (2001); *cf. Campbell v. United States*, 932 F.3d 1331, 1340 (Fed. Cir. 2019) (holding that our court cannot "'entertain a taking[s] claim that requires the court to scrutinize the actions of another tribunal.'" (quoting *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1386 (Fed. Cir. 2017) (alteration in original))). If Mr. Allen is displeased with the outcomes of his cases, he must appeal to the immediate appellate court which oversees judgments rendered by that court, the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. §§ 41, 1291, 1294(1). Further, to the extent Mr. Allen alleges that the judges of the district court disposed of his cases improperly, this is a claim that falls outside this court's subject-matter jurisdiction because it sounds in tort. *See* 28 U.S.C. § 1491(a)(1).

When a plaintiff has failed to state a claim that falls within the subject-matter jurisdiction of this court, a *sua sponte* dismissal is required. *See* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *St. Bernard Par. Gov't v. United States*, 916 F.3d 987, 992–93 (Fed. Cir. 2019) ("[T]he court must address jurisdictional issues, even *sua sponte*, whenever those issues come to the court's attention, whether raised by a party or not . . . ."); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Because Mr. Allen has failed to raise a claim within the Court's jurisdiction, the

---

[5] The only circumstance in which the Fifth Amendment's Due Process Clause may be a basis for our jurisdiction is when a claim concerns an illegal exaction, which is not the case here. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996); *Augusta v. United States*, No. 18-883C, 2018 WL 6721748, at *3 n.6 (Fed. Cl. Dec. 20, 2018).

Court **DISMISSES** the case under RCFC 12(h)(3). The Clerk is directed to close the case.[6]

**IT IS SO ORDERED.**

**VICTOR J. WOLSKI**
Senior Judge

---

[6] Plaintiff's application to proceed *in forma pauperis*, ECF No. 4, is hereby **GRANTED**, and he is thus relieved of paying the filing fee.