NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**RAVEL FERRERA PARRA,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

_____

2025-1527

_____

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00428-AOB, Judge Armando O. Bonilla.

_____

**ON MOTION**

_____

PER CURIAM.

## O R D E R

Ravel Ferrera Parra brought this suit at the United States Court of Federal Claims asserting that the Social Security Administration's denial of benefits, withholding of funds, and classifying him as a "security threat" amounted to an illegal exaction and taking of his property without just compensation in violation of the Fifth Amendment. The Court of Federal Claims dismissed the complaint for lack of jurisdiction. This appeal followed. The United

States now moves to summarily affirm.  Mr. Parra opposes and requests various reliefs.  ECF No. 11.

Summary disposition is appropriate here because there is no "substantial question regarding the outcome" of the appeal.  *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted).  We have long recognized that the Social Security Act's comprehensive remedial scheme for SSA benefits claims displaces the Court of Federal Claims's jurisdiction under the Tucker Act in a case like this.  *See Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990); 42 U.S.C. § 405(g) and (h) (routing actions concerning the denial of social security benefits to district court).  To the extent Mr. Parra is arguing that the Court of Federal Claims has jurisdiction to compel SSA action wrongfully withheld, that argument is likewise meritless. *See generally Vereda, Ltda. v. United States*, 271 F.3d 1367, 1374 n.8 (Fed. Cir. 2001) ("[T]he Court of Federal Claims lack[s] the general federal question jurisdiction of the district courts, which would have allowed it to review the agency's actions and to grant relief pursuant to the Administrative Procedure Act[.]" (citations omitted)).

Accordingly,

IT IS ORDERED THAT:

(1)  The United States's motion is granted.  The judgment of the United States Court of Federal Claims is summarily affirmed.

(2)  ECF No. 11 is denied.

(3)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

May 19, 2025
    Date